IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE HAYNES,<br><br>                    Plaintiff,<br><br>     vs.<br><br>PINNACLE LITIGATION GROUP,<br><br>                    Defendant. | 8:14CV168<br><br>MEMORANDUM AND ORDER |

The matter before the Court is the Motion for Default Judgment (Filing No. 6) filed by Plaintiff Jacqueline Haynes ("Plaintiff"). For the reasons set forth below, the Court will construe Plaintiff's Motion as a motion for entry of default against Defendant Pinnacle Litigation Group ("Defendant"), and the Court will instruct the Clerk of Court to enter default.

### DISCUSSION

Default judgments are governed by Federal Rule of Civil Procedure 55. "When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998) (internal marks omitted); *see also Hagen v. Sisseton–Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson* for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n. 2 (8th Cir. 1997).

Plaintiff's prayer for relief and caption requests default judgment under Fed. R. Civ. P. 55(b)(2), though her caption also requests entry of a default. To be clear, absent entry of default under Rule 55(a), default judgment at this stage would be improper. *See Johnson,* 140 F.3d at 783-84. The distinction between an entry of default and entry of default judgment is important, because the Court applies a stricter standard to set aside a default judgment as compared to an entry of default. *See* Fed. R. Civ. P. 55(c); *see also Johnson,* 140 F.3d at 784 (explaining that district courts may set aside an entry of default "for good cause shown," while relief from a default judgment must satisfy the more stringent requirements of Fed. R. Civ. P. 60(b)). Because default has not been entered, neither the Court nor the Clerk may grant default judgment.

In *Johnson*, the plaintiff moved for default judgment prior to seeking entry of default. *Johnson,* 140 F.3d at 783. The district court did not enter default judgment, and the Eighth Circuit upheld the district court's decision to construe its initial order as an entry of default. *Id.* The Court will do the same in this case. Plaintiff has demonstrated through affidavit evidence that Defendant failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Accordingly, although Plaintiff requests a default judgment, the Court will construe the Motion as a request to enter default, and will instruct the Clerk to enter default under Fed. R. Civ. P. 55(a).

After the Clerk enters default, the Court may not enter default judgment until Plaintiff properly moves for default judgment under Fed. R. Civ. P. 55(b), and follows the requirements of NECivR 55.1(b) or (c). Further, if Plaintiff requests default judgment for a sum not certain, Plaintiff must submit evidence to permit the Court to determine the

2

amount of damages as required by Fed.R.Civ.P. 55(b)(2). *See Hagen*, 205 F.3d at 1042 (stating that "default judgment cannot be entered until the amount of damages has been ascertained.") (marks and citation omitted).

## CONCLUSION

For the reasons stated, Plaintiff's Motion will be construed as a Motion for Entry of Default, and the Court will instruct the Clerk to enter default against Defendant. Accordingly,

IT IS ORDERED:

1. The Motion for Default Judgment (Filing No. 6) filed by Plaintiff Jacqueline Haynes, is construed as a Motion for Entry of Default;

2. Plaintiff's Motion for Entry of Default (Filing No. 6) is granted; and

3. The Clerk of Court is directed to enter default against Defendant Pinnacle Litigation Group for failure to plead or otherwise defend under Federal Rule of Civil Procedure 55(a).

Dated this 5th day of November, 2014

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge